**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM VARDY, | : | |
| | : | Civil Action No. 05-3763 (DMC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COMMISSIONER DEVON BROWN, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner pro se
William Vardy
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Counsel for Respondents
Joie Piderit
Deputy Attorney General
Appellate Section
P.O. Box CN 086
Trenton, NJ 08625

**CAVANAUGH**, District Judge

Petitioner William Vardy, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Commissioner Devon Brown.

For the reasons stated herein, the Petition must be denied.

### I.   BACKGROUND

Union County Indictment No. 02-10-1235-I charged Petitioner with operation of a facility for sale of stolen automobiles or parts, contrary to N.J.S.A. 2C:20-16, and related offenses. An additional Union County Indictment No. 02-10-1236-I charged

Petitioner with certain persons not to have weapons after previously being convicted, contrary to N.J.S.A. 2C:39-7(b), and in count two with possession of a destructive device contrary to N.J.S.A. 2C:39-7(a).

Petitioner filed a timely notice of motion to suppress evidence seized as a result of warrantless searches conducted on March 14 and 21, 2002, and the resultant search pursuant to a warrant.

Over two days, the trial court heard testimony from Petitioner, his wife, and a police officer.  (RE7; RE8.)  Several exhibits were introduced, including photographs, diagrams, a police report, and a drawing by the police officer.  On April 7, 2003, the trial court issued a lengthy oral opinion reviewing the evidence and testimony and denying the motion to suppress.  (RE8, Tr. of April 7, 2003, at 3-16.)

Thereafter, also on April 7, 2003, Petitioner entered guilty pleas to count one of Indictment No. 02-10-1235-I, charging possession of a facility for sale of stolen automobile parts, second degree; count four charging possession of a destructive device, third degree; count six charging receiving stolen property, third degree; and count seven charging possession of an assault firearm, third degree.  At the same time, Petitioner entered a guilty plea to count one of Indictment No. 02-10-1236-I charging certain persons not to have weapons after previously

being convicted, second degree.  These guilty pleas were entered with the reservation of Petitioner's right to appeal the ruling on the motion to suppress evidence.  In exchange for the plea, the State agreed to run both indictments concurrent and all counts concurrent to each other and further agreed to recommend a state prison sentence of eight years with five years parole ineligibility.  (RE9.)

On June 13, 2003, the trial court sentenced Petitioner to the negotiated term of eight years imprisonment with a five-year parole disqualifier.  Petitioner timely appealed, challenging the denial of the motion to suppress.

The Superior Court of New Jersey, Appellate Division, affirmed the denial of the motion to suppress.[1]

> Judge Rudy Coleman found that information provided to the police by an informant was reliable and sufficient to cause them to conduct a further investigation of defendant's house and property.  The informant advised the officers that defendant was operating a chop-shop at his home.  The judge also found that the officers' observations on their arrival at defendant's property confirmed the information provided by the informant.  Specifically, Judge Coleman found that the property was surrounded by a chain link fence, the gate of which was open.  From the street, the officers observed a dumpster in the driveway, automobile parts strewn around the yard, and equipment

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

utilized to dismantle cars and trucks.  These observations warranted further investigation.

The judge also found that the front door was nailed shut.  Therefore, the officers were justified in approaching the rear door.  He rejected the testimony of Lolita Vardy, defendant's wife, that the officers roamed through the back yard for fifteen minutes or more before they approached the back door.

One week later, the officers drove past defendant's premises and observed a car on its side in the driveway and several young men dismantling it.  Judge Coleman found that this activity warranted further investigation.  He also found that defendant's wife consented to a search of the house by the officers.  He specifically rejected her testimony, founded almost entirely on leading questions, that the officers did not solicit her consent prior to the search.  He also rejected her testimony that she was presented the consent to search form after the search, at which time she was coerced into signing the form.

As an appellate tribunal, our scope of review is limited.  First, we must defer to the credibility determinations of the trial judge because of his opportunity to observe the witnesses and evaluate their demeanor as they testified.  State v. Locurto, 157 N.J. 463, 470-71 (1999); State v. Johnson, 42 N.J. 146, 162 (1964).  Furthermore, we must review the record to determine if the facts, as found by the trial judge, are supported by substantial credible evidence in the record.  Ibid.  If so, we must accept those findings.  Ibid.

We have carefully reviewed the record compiled at the motion to suppress.  The facts as found by Judge Coleman are amply supported by substantial credible evidence in the record.  Furthermore, the trial judge properly applied the applicable law to the facts as found by him.  Therefore, we affirm substantially for the reasons expressed by Judge Coleman in his comprehensive April 7, 2003 oral opinion.

(RE3, Opinion of Superior Court, Appellate Division, at 3-4.)  By Order filed June 17, 2004, the Supreme Court of New Jersey denied

4

certification.  State v. Vardy, 180 N.J. 454 (2004).  (RE1.) This Petition followed.

Petitioner asserts that a police officer unlawfully searched Petitioner's property on two occasions, obtained a search warrant based upon the unlawful searches, and thereby obtained evidence against Petitioner in violation of his constitutional rights. Petitioner contends that the evidence should have been suppressed, and that he would not have pleaded guilty but would have proceeded to trial if the evidence had been suppressed. Respondent has answered, asserting that Petitioner is precluded from obtaining habeas relief because he had a full and fair opportunity to litigate the motion to suppress in state court. This matter is now ready for disposition.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II). A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09. To be an "unreasonable application" of clearly established federal law,

6

the state court's application must be objectively unreasonable. Id. at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)). With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000). See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

7

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

### III.  <u>ANALYSIS</u>

Petitioner contends that he was deprived of his Fourth Amendment right to be free from unreasonable searches by the manner in which searches of his premises were conducted by police.

The Fourth Amendment to the U.S. Constitution, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, <u>see</u> <u>Mapp v. Ohio</u>, 367 U.S. 643 (1961), provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const., Amend. IV.

Generally, speaking, evidence gained through a Fourth Amendment violation may not be used against a defendant at trial. See Mapp v. Ohio, 367 U.S. at 654-55; Weeks v. United States, 232 U.S. 383, 391-93 (1914). This "exclusionary rule" is a judicially-created remedy to safeguard Fourth Amendment rights by deterring police conduct that violates those rights. Stone v. Powell, 428 U.S. 465, 486 (1976).

> In Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court examined the nature of the exclusionary rule, which it characterized as a "judicially created means of effectuating the rights secured by the Fourth Amendment" and balanced its utility as a deterrent against the risk of excluding trustworthy evidence and thus "deflect[ing] the truthfinding process." Id. at 482, 490, 96 S.Ct. 3037. Finding that, as to collateral review, the costs of the exclusionary rule outweighed the benefits of its application the Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494, 96 S.Ct. 3037. While the federal courts are not thus deprived of jurisdiction to hear the claim, they are -- for prudential reasons -- restricted in their application of the exclusionary rule. Id. at 494 n. 37, 96 S.Ct. 3037.

Marshall v. Hendricks, 307 F.3d 36, 81-82 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). "An erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the bar." Gilmore v. Marks, 799 F.2d 51, 57 (3d Cir. 1986).

The Court of Appeals for the Third Circuit has recognized that there may be instances in which a full and fair opportunity

to litigate was denied in state court.  See, e.g., Gilmore v. Marks, 799 F.2d at 57 (observing that a state's "failure to give at least colorable application of the correct Fourth Amendment constitutional standard" might amount to a denial of the opportunity for full and fair litigation); Boyd v. Mintz, 631 F.2d 247, 250 (3d Cir. 1980) (assuming, without deciding, that "opportunity" simply means providing procedures by which one can litigate a Fourth Amendment claim, Stone v. Powell does not preclude federal habeas relief when "'the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process'" (quoting Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977), cert. denied, 434 U.S. 1038 (1978))).

This case does not present one of those instances. Petitioner was provided a pre-trial suppression hearing, and two levels of appeal from the denial of his suppression motion. Petitioner has been afforded a full and fair opportunity in the New Jersey court system to litigate his Fourth Amendment claim. Accordingly, this Court cannot grant Petitioner habeas relief on this claim.

IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.

## V.   CONCLUSION

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh
United States District Judge

Dated: 10/24/06

11